**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:20-cv-00292-MSS-TGW**

TABITHA PARKER, on behalf of
herself and all others similarly situated,

     Plaintiff,

vs.

STELLAR PARTNERS, INC.,
OSA CONSULTING GROUP, LLC,
and TRANS UNION, LLC,

     Defendants.

_____/

**OSA CONSULTING GROUP, LLC's ANSWER AND**
**AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Osa Consulting Group, LLC ("Osa") by and through undersigned counsel, hereby submit the following Answer and Affirmative Defenses (the "Answer") to Plaintiff's First Amended Class Action Complaint (the "Complaint").

## I.    NATURE OF THE ACTION

### *Overview of Class Claims Against Defendant Stellar*

1.    Osa admits that Plaintiff purports to bring the Complaint for alleged violations of the Fair Credit Reporting Act ("FRCA"), but is without knowledge of and therefore denies the other allegations in Paragraph 1 of the Complaint.

2.    Osa states that the allegations in Paragraph 2 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa is without knowledge of and therefore denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Osa admits that Stellar retained Osa to conduct a pre-employment background check on Plaintiff.  Osa states that the remaining allegations in Paragraph 3 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Osa states that the allegations in Paragraph 4 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its term and content.  Thus, no response is required. To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 4 of the Complaint.

5.      Osa states that the allegations in Paragraph 5 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its term and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 5 of the Complaint.

6.      Osa states that the allegations in Paragraph 6 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 6 of the Complaint.

7.      Osa states that the allegations in Paragraph 7 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 7 of the Complaint.

8.      Osa states that the allegations in Paragraph 8 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.

To the extent that a response is required, Osa denies the allegations in Paragraph 8 of the Complaint.

9.      Osa admits that Plaintiff purports to bring a nationwide class action under 15 U.S.C. §1681b(b)(2), but denies all other allegations in Paragraph 9 of the Complaint.

10.     Osa admits that Plaintiff purports to bring a nationwide class action under 15 U.S.C. §1681b(b)(3), but denies all other allegations in Paragraph 10 of the Complaint.

### *Overview of Class Claims Against Defendant Osa*

11.     Osa admits that Plaintiff purports to bring separate claims against Osa.  To the extent that a further response is required, Osa denies the allegations in Paragraph 11 of the Complaint.

12.     Osa states that the allegations in Paragraph 12 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 12 of the Complaint.

13.     Osa states that the allegations in Paragraph 13 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 13 of the Complaint.

14.     Osa states that the allegations in Paragraph 14 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 14 of the Complaint.

15.     Osa states that the allegations in Paragraph 15 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 15 of the Complaint.

16.     Osa denies the allegations in Paragraph 16 of the Complaint.

17.     Osa admits that it did not provide Plaintiff with a copy of the consumer report, and denies all other allegations in Paragraph 17 of the Complaint.

18.     Osa admits to receiving correspondence from Plaintiff, and denies all other allegations in Paragraph 18 of the Complaint.

19.     Osa denies the allegations in Paragraph 19 of the Complaint.

20.     Osa admits that Plaintiff purports to bring a nationwide class action under 15 U.S.C. §1681k, but denies all other allegations in Paragraph 20 of the Complaint.

21.     Osa admits that Plaintiff purports to bring a nationwide class action under 15 U.S.C. §1681g.  Osa states that the remaining allegations in Paragraph 21 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies all other allegations in Paragraph 21 of the Complaint.

22.     Osa admits that Plaintiff purports to bring a nationwide class action under 15 U.S.C. § 1681i, but denies all other allegations in Paragraph 22 of the Complaint.

### *Overview of Class Claims Against Trans Union*

23.     Osa admits that Plaintiff purports to name Trans Union as a defendant in the Complaint, but denies all other allegations in Paragraph 23 of the Complaint.

4

24.     Osa states that the allegations in Paragraph 24 are too unclear, vague, and ambiguous to require a response.   Osa further states that the allegations in Paragraph 24 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its term and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 24 of the Complaint.

### *Plaintiff's Individual Claims*

25.     Osa admits that Plaintiff purports to bring individual claims under the FCRA, but denies all other allegations against it in Paragraph 25 of the Complaint.

## II.     JURISDICTION AND VENUE

26.     Osa admits that the Court has subject matter jurisdiction, but denies all other allegations in Paragraph 26 of the Complaint.

27.     Osa admits that venue is proper in the Middle District of Florida, but denies all other allegations in Paragraph 27 of Complaint.

## III.     PARTIES

28.     Osa states that the allegations in Paragraph 28 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 28 of the Complaint.

29.     Osa is without knowledge of and therefore denies the allegations in Paragraph 29 of the Complaint.

30.     Osa states that the allegations in Paragraph 30 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.

To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 30 of the Complaint.

31.     Osa admits that it is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Ft. Lauderdale, FL.  Osa admits that it performs services in the Middle District of Florida, but denies all other allegations in Paragraph 31 of the Complaint.

32.     Osa states that the allegations in Paragraph 32 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 32 of the Complaint.

33.     Osa is without knowledge of and therefore denies the allegations in Paragraph 33 of the Complaint.

34.     Osa states that the allegations in Paragraph 34 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 34 of the Complaint.

### IV.     FACTUAL ALLEGATIONS

**A.     Plaintiff's Application for Employment**

35.     Osa is without knowledge of and therefore denies the allegations in Paragraph 35 of the Complaint.

36.     Osa is without knowledge of and therefore denies the allegations in Paragraph 36 of the Complaint.

37.     Osa is without knowledge of and therefore denies the allegations in Paragraph 37 of the Complaint.

38.     Osa is without knowledge of and therefore denies the allegations in Paragraph 38 of the Complaint.

39.     Osa is without knowledge of and therefore denies the allegations in Paragraph 39 of the Complaint.

40.     Osa is without knowledge of and therefore denies the allegations in Paragraph 40 of the Complaint.

41.     Osa is without knowledge of and therefore denies the allegations in Paragraph 41 of the Complaint.

42.     Osa is without knowledge of and therefore denies the allegations in Paragraph 42 of the Complaint.

43.     Osa is without knowledge of and therefore denies the allegations contained in the first sentence of Paragraph 43 of the Complaint.  Osa denies the allegations contained in the second sentence of Paragraph 43 of the Complaint.

44.     Osa states that the allegations in Paragraph 44 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 44 of the Complaint.

45.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 45 of the Complaint.

46.     Osa admits that it received one or more telephone calls from Plaintiff, but denies all other allegations in Paragraph 46 of the Complaint.

47.     Osa denies the allegations in Paragraph 47 of the Complaint.

48.     Osa admits that it did not provide Plaintiff with a copy of the consumer report and that it directed Plaintiff to speak to Stellar, but denies all other allegations in Paragraph 48 of the Complaint.

49.     Osa admits that Mr. Osa is a retired FBI Agent, but denies all other allegations in Paragraph 49 of the Complaint.

50.     Osa denies the allegations in Paragraph 50 of the Complaint.

51.     Osa admits that Mr. Osa ended a telephone call with Plaintiff, but denies all other allegations in Paragraph 51 of the Complaint.

52.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 52 of the Complaint.

53.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 53 of the Complaint.

54.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 54 of the Complaint.

55.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 55 of the Complaint.

56.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 56 of the Complaint.

57.     Osa denies the allegations in Paragraph 57 of the Complaint.

58.     Osa states that the report speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required as to the first sentence in Paragraph 58 of the

Complaint.  Osa is without knowledge of and therefore denies the allegations contained in the second sentence in Paragraph 58 of the Complaint.

59.     Osa states that the report speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required as to the first sentence in Paragraph 59 of the Complaint.  Osa is without knowledge of and therefore denies the allegations contained in the second sentence in Paragraph 59 of the Complaint.

60.     Osa states that the report speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required as to the first sentence in Paragraph 60 of the Complaint.  Osa is without knowledge of and therefore denies the allegations contained in the second sentence in Paragraph 60 of the Complaint.

61.     Osa denies the allegations in Paragraph 61 of the Complaint.

62.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 62 of the Complaint.

63.     Osa denies the allegations in Paragraph 63 of the Complaint.

64.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 64 of the Complaint.

65.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 65 of the Complaint.

66.     Osa states that the report speaks for itself and is the best evidence as to its terms and content.  Osa denies all other allegations in Paragraph 66 of the Complaint.

67.     Osa states that the allegations in Paragraph 67 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.

To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 67 of the Complaint.

68.     Osa states that the allegations in Paragraph 68 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 68 of the Complaint.

69.     Osa states that the allegations in Paragraph 69 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 69 of the Complaint.

**B.     Plaintiff Suffered Multiple Concrete Injuries.**

*Economic Damages and Lost Job*

70.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 70 of the Complaint.

*Plaintiff's Second Concrete Injury:*
*Informational Injury*

71.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 71 of the Complaint.

72.     Osa states that the allegations in Paragraph 72 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 72 of the Complaint.

73.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 73 of the Complaint.

74.     Osa states that the allegations in Paragraph 74 are legal conclusions and the FCRA and the referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  To the extent that a response is required, Osa denies the allegations in Paragraph 74 of the Complaint.

75.     Osa denies the allegations contained in Paragraph 75 of the Complaint.

### *Plaintiff's Third Concrete Injury:*
### *Inability to Learn of the Contents of Her Report and Tell*
### *Her Side of the Story in Time to Save her Job*

76.     Osa denies the allegations contained in Paragraph 76 of the Complaint.

77.     Osa denies the allegations contained in Paragraph 77 of the Complaint.

**C.     Defendants' Practices and Policies**

78.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 78 of the Complaint.

79.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 79 of the Complaint.

80.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 80 of the Complaint.

81.     Osa states that the allegations in Paragraph 81 are legal conclusions and thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations contained in Paragraph 81 of the Complaint.

82.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 82 of the Complaint.

83.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 83 of the Complaint.

84.     Osa states that the allegations in Paragraph 84 are legal conclusions and thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations contained in Paragraph 84 of the Complaint.

85.     Osa is without knowledge of and therefore denies the allegations contained in Paragraph 85 of the Complaint.

86.     Osa admits that Stellar retained Osa to conduct a pre-employment background check on Plaintiff.  Osa is without knowledge of and therefore denies all other allegations in Paragraph 86 of the Complaint.

87.     Osa denies the allegations in Paragraph 87 of the Complaint.

88.     Osa denies the allegations in Paragraph 88 of the Complaint.

89.     Osa denies the allegations in Paragraph 89 of the Complaint.

90.     Osa states that the allegations in Paragraph 90 are legal conclusions and thus, no response is required.  To the extent that a response is required, Osa denies the allegations contained in Paragraph 90 of the Complaint.

91.     Osa denies the allegations in Paragraph 91 of the Complaint.

92.     Osa denies the allegations in Paragraph 92 of the Complaint.

93.     Osa is without knowledge of and therefore denies the allegations in Paragraph 93 of the Complaint.

94.     Osa denies the allegations in Paragraph 94 of the Complaint.

95.     Osa denies the allegations in Paragraph 95 of the Complaint.

96.     Osa denies the allegations in Paragraph 96 of the Complaint.

97.     The FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 97 of the Complaint.

98.     Osa denies the allegations in Paragraph 98 of the Complaint.

99.     Osa denies the allegations in Paragraph 99 of the Complaint.

100.     Osa denies the allegations in Paragraph 100 of the Complaint.

101.     Osa denies the allegations in Paragraph 101 of the Complaint.

102.     Osa admits that it is owned and operated by Mr. Osa, who is a retired FBI agent, but denies the remaining allegations in Paragraph 102 of the Complaint.

103.     Osa admits that it has access to legal counsel, but denies all other allegations in Paragraph 103 of the Complaint.

## V.     LEGAL REQUIREMENTS

### *The FCRA's Requirements for Employers Using Consumer Reports*

104.     Osa states that the allegations in Paragraph 104 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 104 of the Complaint.

105.     Osa states that the allegations in Paragraph 105 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 105 of the Complaint.

106.     Osa states that the allegations in Paragraph 106 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.

To the extent that a response is required, Osa denies the allegations in Paragraph 106 of the Complaint.

107.     Osa states that the allegations in Paragraph 107 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 107 of the Complaint.

108.     Osa states that the allegations in Paragraph 108 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 108 of the Complaint.

109.     Osa states that the allegations in Paragraph 109 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 109 of the Complaint.

110.     Osa states that the allegations in Paragraph 110 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 110 of the Complaint.

111.     Osa states that the allegations in Paragraph 111 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 111 of the Complaint.

112.    Osa states that the allegations in Paragraph 112 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 112 of the Complaint.

113.    Osa states that the allegations in Paragraph 113 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 113 of the Complaint.

114.    Osa is without knowledge of and therefore denies the allegations contained in Paragraph 114 of the Complaint.

### *The FCRA's Transparency Requirements for Consumer Reporting Agencies*

115.    Osa states that the allegations in Paragraph 115 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 115 of the Complaint.

116.    Osa states that the allegations in Paragraph 116 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 116 of the Complaint.

117.    Osa states that the allegations in Paragraph 117 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 117 of the Complaint.

118.    Osa states that the allegations in Paragraph 118 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 118 of the Complaint.

119.    Osa states that the allegations in Paragraph 119 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 119 of the Complaint.

120.    Osa admits that Plaintiff requested the consumer report, admits that Osa did not provide Plaintiff with a copy of the consumer report, and denies all other allegations in Paragraph 120 of the Complaint.

121.    Osa states that the allegations in Paragraph 121 are unclear, ambiguous, and not directed at Osa, and thus no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 121 of the Complaint.

122.    Osa is without knowledge of and therefore denies the allegations in Paragraph 122 of the Complaint.

### *Maximum Possible Accuracy for Consumer Reporting Agencies*

123.    Osa states that the allegations in Paragraph 123 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 123 of the Complaint.

124.    Osa states that the allegations in Paragraph 124 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.

To the extent that a response is required, Osa denies the allegations in Paragraph 124 of the Complaint.

125.    Osa states that the allegations in Paragraph 125 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 125 of the Complaint.

126.    Osa denies the allegations in Paragraph 126 of the Complaint.

127.    Osa states that the referenced records speak for themselves and are the best evidence of their content.  To the extent a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 127 of the Complaint.

128.    Osa states that the referenced records speak for themselves and are the best evidence of their content.  To the extent a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 128 of the Complaint.

129.    Osa states that the referenced records speak for themselves and are the best evidence of their content.  To the extent a response is required, Osa is without knowledge of and therefore denies the allegations in first sentence of Paragraph 129 of the Complaint.  Osa denies the remaining allegations in Paragraph 129 of the Complaint.

130.    Osa denies the allegations in Paragraph 130 of the Complaint.

131.    Osa denies the allegations in Paragraph 131 of the Complaint.

### *The Requirement for Investigation of Disputes by Consumer Reporting Agencies*

132.    Osa states that the allegations in Paragraph 132 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.

To the extent that a response is required, Osa denies the allegations in Paragraph 132 of the Complaint.

133.     Osa states that the allegations in Paragraph 133 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 133 of the Complaint.

134.     Osa denies the allegations in Paragraph 134 of the Complaint.

***The Notice Requirements in the Employment Context for Consumer Reporting Agencies***

135.     Osa states that the allegations in Paragraph 135 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 135 of the Complaint.

136.     Osa states that the allegations in Paragraph 136 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 136 of the Complaint.

137.     Osa denies the allegations in Paragraph 137 of the Complaint.

138.     Osa states that the allegations in Paragraph 138 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 138 of the Complaint.

## VI.    DEFENDANT STELLAR ACTED WILLFULLY

139.    Osa is without knowledge of and therefore denies the allegations in Paragraph 139 of the Complaint.

140.    Osa is without knowledge of and therefore denies the allegations in Paragraph 140 of the Complaint.

141.    Osa states that the allegations in Paragraph 141 are legal conclusions and the Brinckerhoff Letter II and referenced cases speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 141 of the Complaint.

142.    Osa states that the allegations in Paragraph 142 are legal conclusions and the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required. To the extent that a response is required, Osa denies the allegations in Paragraph 142 of the Complaint.

143.    Osa is without knowledge of and therefore denies the allegations in Paragraph 143 of the Complaint.

144.    Osa is without knowledge of and therefore denies the allegations in Paragraph 144 of the Complaint.

145.    Osa is without knowledge of and therefore denies the allegations in Paragraph 145 of the Complaint.

146.    Osa is without knowledge of and therefore denies the allegations in Paragraph 146 of the Complaint.

## VII.    DEFENDANTS OSA AND TRANS UNION ACTED WILLFULLY

147.    Osa denies the allegations in Paragraph 147 of the Complaint.

148.   a.      Osa denies the allegations in Paragraph 148(a) of the Complaint.

       b.      Osa denies the allegations in Paragraph 148(b) of the Complaint.

       c.      Osa denies the allegations in Paragraph 148(c) of the Complaint.

       d.      Osa denies the allegations in Paragraph 148(d) of the Complaint.

       e.      Osa denies the allegations in Paragraph 148(e) of the Complaint.

       f.      Osa admits that the FCRA was enacted in 1970, but denies all other
               allegations in Paragraph 148(f) of the Complaint.

       g.      Osa admits that it has access to legal counsel, but denies all other
               allegations in Paragraph 148(g) of the Complaint.

       h.      Osa denies the allegations in Paragraph 148(h) of the Complaint.

       i.      Osa denies the allegations in Paragraph 148(i) of the Complaint.

       j.      Osa denies the allegations in Paragraph 148(j) of the Complaint.

149.   Osa denies the allegations in Paragraph 149 of the Complaint.

150.   Osa denies the allegation in Paragraph 150 of the Complaint.

## VIII.   CLASS ACTION ALLEGATIONS

### *Background Check Disclosure Class - Violation of the FRCA, §1681(b)(2)*

151.   Osa admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies all other allegations in Paragraph 151 of the Complaint.

### *Pre-Adverse Class - Violation of the FCRA, §1681(b)(3)*

152.   Osa admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies all other allegations in Paragraph 152 of the Complaint.

### *File Disclosure Class - Violation of the FCRA, §1681g*

153.    Osa admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies all other allegations in Paragraph 152 of the Complaint.

### *Dispute Investigation Class - Violation of the FCRA, §1681i*

154.    Osa admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies all other allegations in Paragraph 154 of the Complaint.

### *1681k Notice Class - Violation of the FCRA, §1681k(a)*

155.    Osa admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies all other allegations in Paragraph 155 of the Complaint.

156.    Osa denies the allegations in Paragraph 156 of the Complaint.

157.    Osa denies the allegations in Paragraph 157 of the Complaint.

158.    Osa denies the allegations in Paragraph 158 of the Complaint.

159.    Osa denies the allegations in Paragraph 159 of the Complaint.

160.    Osa denies the allegations in Paragraph 160 of the Complaint.

161.    Osa denies the allegations in Paragraph 161 of the Complaint.

162.    Osa denies the allegations in Paragraph 162 of the Complaint.

## IX.    CAUSES OF ACTION

### *Count I: Violations of 15 U.S.C. § 1681b(b)(2) by Stellar*

### <u>Class Claim</u>

163.    Osa incorporates in its responses to this Count I its responses set forth in Paragraphs 1-9, 35-66, 70-75, 78-86, 104-114, 139-146, 151, and 156-162 above as if fully set forth herein.

164.    Osa states that the allegations in Paragraph 164 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 164 of the Complaint.

165.    Osa states that the allegations in Paragraph 165 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 165 of the Complaint.

166.    Osa states that the allegations in Paragraph 166 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 166 of the Complaint.

167.    Osa states that the allegations in Paragraph 167 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 167 of the Complaint.

168.    Osa is without knowledge of and therefore denies the allegations in Paragraph 168 of the Complaint.

169.    Osa states that the allegations in Paragraph 169 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 169 of the Complaint.

### *Count II: Violations of 15 U.S.C. § 1681b(b)(3) by Stellar*

### *Class Claim*

170.    Osa incorporates in its responses to this Count II its responses set forth in Paragraphs 1-10, 35-66, 70-77-86, 104-114, 139-146, 152, and 156-162 above as if fully set forth herein.

171.    Osa states that the allegations in Paragraph 171 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 171 of the Complaint.

172.    Osa states that the allegations in Paragraph 172 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 172 of the Complaint.

173.    Osa states that the allegations in Paragraph 173 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 173 of the Complaint.

174.    Osa states that the allegations in Paragraph 174 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content.

Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 174 of the Complaint.

### *Count III: Violations of 15 U.S.C. § 1681g by Osa*

### *Class Claim*

175.    Osa incorporates in its responses to this Count III its responses set forth in Paragraphs 3-4, 11-22, 35-69, 87-103, 115-138, 147-149, 153, and 156-162 above as if fully set forth herein.

176.    Osa states that the allegations in Paragraph 176 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  Osa further states that the allegations in Paragraph 176 are too vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 176 of the Complaint.

177.    Osa states that the allegations in Paragraph 177 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  Osa further states that the allegations in Paragraph 177 are too vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 177 of the Complaint.

178.    Osa denies the allegations in Paragraph 178 of the Complaint.

179.    Osa denies that its conduct caused Plaintiff any damages.  As to the other allegations in the Complaint, Osa is without knowledge of and therefore denies the allegations in Paragraph 179 of the Complaint.

180.    Osa is without knowledge of and therefore denies the allegations in Paragraph 180 of the Complaint.

181.    Osa denies the allegations in Paragraph 181 of the Complaint.

182.    Osa states that the allegations in Paragraph 182 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 182 of the Complaint.

183.    Osa denies the allegations in Paragraph 183 of the Complaint.

184.    Osa denies the allegations in Paragraph 184 of the Complaint.

### Count IV: Violations of 15 U.S.C. § 1681i by Osa

### Class Claim

185.    Osa incorporates in its responses to this Count IV its responses set forth in Paragraphs 3-4, 11-22, 35-69, 87-103, 115-138, 147-149, 154, and 156-162 above as if fully set forth herein.

186.    Osa states that the allegations in Paragraph 186 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  Osa further states that the allegations in Paragraph 186 are too vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 186 of the Complaint.

187.    Osa states that the allegations in Paragraph 187 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa denies the allegations in Paragraph 187 of the Complaint.

188.    Osa states that the allegations in Paragraph 188 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content.

Thus, no response is required.  Osa further states that the allegations in Paragraph 188 are too vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 188 of the Complaint.

189.    Osa denies the allegations in Paragraph 189 of the Complaint.

190.    Osa states that the allegations in Paragraph 190 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  To the extent that a response is required, Osa is without knowledge of and therefore denies the allegations in Paragraph 190 of the Complaint.

*Count V: Violations of 15 U.S.C. § 1681k(a)(1) by Osa and Trans Union*

<u>*Class Claim*</u>

191.    Osa incorporates in its responses to this Count V its responses set forth in Paragraphs 3-4, 11-22, 35-69, 87-103, 115-138, 147-149, 155, and 156-162 above as if fully set forth herein.

192.    Osa states that the allegations in Paragraph 192 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  Osa further states that the allegations in Paragraph 192 are too vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 192 of the Complaint.

193.    Osa denies the allegations in Paragraph 193 of the Complaint.

194.    Osa states that the allegations in Paragraph 194 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  Osa further states that the allegations in Paragraph 194 are too

vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 194 of the Complaint.

195.    Osa states that the allegations in Paragraph 195 of the Complaint are legal conclusions and that the FCRA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required.  Osa further states that the allegations in Paragraph 195 are too vague and ambiguous to permit a response.  To the extent that a response is required, Osa denies the allegations in Paragraph 195 of the Complaint.

196.    Osa denies the allegations in Paragraph 196 of the Complaint.

197.    Osa denies that its conduct caused Plaintiff any damages.  As to the other allegations, Osa is without knowledge of and therefore denies the allegations in Paragraph 197 of the Complaint.

198.    Osa is without knowledge of and therefore denies the allegations in Paragraph 198 of the Complaint.

199.    Osa denies the allegations in Paragraph 199 of the Complaint.

200.    Osa denies the allegations in Paragraph 200 of the Complaint.

201.    Osa denies that its conduct caused Plaintiff any damages.  As to the other allegations, Osa is without knowledge of and therefore denies the allegations in Paragraph 201 of the Complaint.

### *Count VI: Violations of 15 U.S.C. § 168e(b) by Osa and Trans Union*

### *Individual Claim*

202.    Osa denies the allegations in Paragraph 202 of the Complaint.

203.   Osa denies that its conduct caused Plaintiff any damages.   As to the other allegations, Osa is without knowledge of and therefore denies the allegations in Paragraph 203 of the Complaint.

204.   Osa denies the allegations in Paragraph 204 of the Complaint.

205.   Osa denies the allegations in Paragraph 205 of the Complaint.

## X.      PRAYER FOR RELIEF

Osa denies that it is liable to Plaintiff or the members of the alleged putative classes for any damages or relief of any kind, including the damages or relief requested in subsections (a) through (g) of the WHEREFORE clause on pages 41-42 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Osa pleads its Affirmative and Other Defenses, without assuming the burden of proof, and without prejudice to its Answer. Although Osa expressly denies the existence of any alleged putative class of "similarly situated" individuals that Plaintiff purports to represent, all affirmative and other defenses are also asserted against the putative class.

1.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks Article III standing to pursue her claims against Osa in that Plaintiff has not incurred any concrete loss or injury in fact.

2.      Plaintiff's claims are barred, in whole or in part, because any purported damages to Plaintiff or the putative class members, which Osa continues to deny, are the result of intervening or superseding acts or omissions of other persons or entities over whom Osa has no control or responsibility.

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or the putative class members failed to mitigate any claimed damages.

4.      Plaintiff's claims are barred, in whole or in part, because interpretations of the FCRA upon which the Complaint are based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution and the due process provision of the Fourteenth Amendment to the United States Constitution.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that any relief sought by Plaintiff and/or the putative class members may be barred by the doctrines of claim and issue preclusion or would be duplicative of relief sought or obtained in other lawsuits, subjecting Plaintiff to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

6.      Plaintiff's claims are barred, in whole or in part, because some or all of the claims of the putative class may have otherwise been waived or released.  Specifically, to the extent Plaintiff and/or those persons she seeks to represent entered into one or more settlements that released Osa from any liability as alleged in the Complaint, their claims are barred in whole or in part by the doctrine of settlement, accord, and satisfaction.

7.      Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole or in part because, at all material times, Osa acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Osa at the time, and did not at any time willfully or negligently fail to comply with the applicable law, including but not limited to the FCRA.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims for statutory damages and punitive damages violate the Fourth, Fifth, Sixth, Eights, and Fourteenth Amendments to the U.S. Constitution because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of

punitive and/or statutory damages would constitute an arbitrary and capricious taking of Osa's property which is unjustified by any rational government interest; and (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process; and/or (d) the applicable statutes, including but not limited to section 616 of the FCRA (15 U.S.C. 1681n) are unconstitutionally vague and unjustifiably arbitrary.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's individual and class-wide claims are excluded from coverage by section 604 of the FCRA (15 U.S.C. §1681b) to the extent that Osa obtained any background reports in connection with an investigation of compliance with federal, state or local laws and regulations, the rules of self-regulatory organization, or any pre-existing policies (15 U.S.C. §1681a(y)).

10.     Plaintiff's claims are barred, in whole or in part, because notwithstanding Osa's alleged non-compliance, Plaintiff otherwise was aware of her purported statutory rights.

11.     Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole or in part because Plaintiff failed to comply fully or at all with procedures available and/or required under the FCRA to address Plaintiff's concern and/or otherwise failed to take reasonable steps to avoid harm or act with reasonableness and in good faith.  Therefore, Plaintiff's Complaint, and each and every claim for relief therein, is barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, unclean hands and avoidable consequences.

12.     Plaintiff's claims are barred, in whole or in part, because Osa maintained reasonable procedures to comply with applicable law at all times relevant to Plaintiff's Complaint.

13.     Plaintiff's claims are barred, in whole or in part, because, to the extent Plaintiff is seeking equitable relief, such relief is unavailable because (a) an adequate remedy at law exists; (b) Plaintiff lacks standing to seek equitable relief; (c) equitable relief is only available to the

Federal Trade Commission and Consumer Financial Protection Bureau, and not to private plaintiffs, and the Court lacks subject matter jurisdiction to issue an injunction; and (d) Plaintiff's claim for equitable relief is moot in any event.

14.    Plaintiff's Complaint, and each and every cause of action contained therein, is barred in whole or in part to the extent Plaintiff seeks to recover for alleged harm that is outside the applicable statute of limitations, including but not limited to, 15 U.S.C. § 1681p of the FCRA.

15.    The Complaint and each and every cause of action set forth therein, or some of them, is barred to the extent the damages Plaintiff alleges are too speculative to be recoverable at law.

16.    Plaintiff's claims, and those of the putative class members, are barred in whole or in part because Osa is not a consumer reporting agency and, in any event, complied with the FCRA in the handling of Plaintiff's consumer reports and/or investigative consumer reports and is, therefore, entitled to each and every defense stated in and available under the FCRA and to all limitations of liability, including but not limited to 15 U.S.C. §1681d(c).

17.    Plaintiff's claims, and those of the putative class members, are barred in whole or in part, to the extent that they received one or more background check disclosures that were true and accurate and otherwise complied or substantially complied with the law, including the FCRA.

18.    Plaintiff's claims, and those of the putative class members, are barred in whole or in part, because Osa did not adopt a reading of the law that risked any violation of the FCRA, let alone an unjustifiably high risk of doing so.

19.    Plaintiff's claims, and those of the putative class members, are barred in whole or in part, to the extent they acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint.

Case No.: 8:20-cv-00292-MSS-TGW

Dated: September 9, 2020.

Respectfully submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
*Attorneys for Osa Consulting Group, LLC*
One SE Third Avenue, Suite 1820
Tel.: (305) 371-9686
Fax: (305) 371-8697

By:   */s/ Adam Foslid*
Adam Foslid, Esq.
Florida Bar No. 0682284
afoslid@sfslaw.com
Ian Ross, Esq.
Florida Bar No. 0091214
iross@sfslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Adam Foslid*
Adam Foslid, Esq.

[Service List is on the following page]

Case No.: 8:20-cv-00292-MSS-TGW

**SERVICE LIST**
*Parker v. Stellar Partners, Inc., et al.*
**Case No. 8:20-cv-00292-MSS-TGW**
**United States District Court, Middle District of Florida**

**Amanda E. Heystek**
Wenzel Fenton Cabassa, P.A.
1110 N Florida Ave Ste 300
Tampa, FL 33602-3343
813-579-2483
Email: aheystek@wfclaw.com

**Craig C. Marchiando**
Consumer Litigation Associates P.C.
763 J Clyde Morris Blvd Ste 1-A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: craig@clalegal.com

**Brandon J. Hill**
Wenzel Fenton Cabassa, PA
1110 N Florida Ave Ste 300
Tampa, FL 33602-3343
813-224-0431
Fax: 813-229-8712
Email: bhill@wfclaw.com

*Counsel for Plaintiff*

**Nancy A. Johnson**
Littler Mendelson, PC
111 N Orange Ave Ste 1750
Orlando, FL 32801
407-393-2925
Fax: 407-393-2900
Email: najohnson@littler.com

*Counsel for Defendant Stellar Partners, Inc.*

**Albert E. Hartmann**
**Michael O'Neil**
Reed Smith, LLP
10 S Wacker Drive, 40th Floor
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400
Email: ahartmann@reedsmith.com
Michael.Oneil@reedsmith.com

**Ana Maria Barton**
Reed Smith, LLP
1001 Brickell Bay Dr Suite 900
Miami, FL 33131
7867470200
Fax: 7867470299
Email: abarton@reedsmith.com

*Counsel for Defendant Trans Union LLC*

33